UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| THE JOCKEY CLUB INFORMATION SYSTEMS, INC., <br><br> Plaintiff, <br><br> V. <br><br> JOHN DOE NOS. 1-5, <br><br> Defendants. | CIVIL ACTION NO. 5:15-204-KKC <br><br><br> **MEMORANDUM <br> OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the motion for leave to take discovery prior to the Rule 26(f) conference filed by plaintiff The Jockey Club Information Systems, Inc. ("TJCIS") (DE 3). For the following reasons, Plaintiff's motion will be granted.

### I.

Plaintiff filed a complaint against five unknown individuals seeking injunctive relief and compensatory and punitive damages for breach of a use agreement, trespass to chattels, and violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, and the Stored Communications Act, 18 U.S.C. § 2701 *et seq*. (DE 1). TJCIS alleges that the five unknown Defendants unlawfully accessed and stole proprietary data from Plaintiff's website, equineline.com. (DE 1 at ¶ 2.) Specifically, Plaintiff alleges that in May and June of 2015, the unknown Defendants repeatedly used over sixty different internet protocol ("IP") addresses to make over one million requests per day for certain information on equineline.com without authorization and without paying the required license fees. (DE 1 at ¶ 13.)

Plaintiff has identified numerous IP addresses belonging to various internet service providers ("ISPs") used by the unknown Defendants to access and steal Plaintiff's proprietary data. (DE 1-2). Upon identifying the IP addresses used by the unknown Defendants, TJCIS unsuccessfully attempted to block those IP addresses from further access to equineline.com. In addition, TJCIS attempted to obtain the unknown Defendants' identities by filing "abusive online activity reports" with ISPs Microsoft Windows Azure Online Services ("Microsoft") and Amazon Elastic Compute Cloud ("Amazon EC2"). (DE 3-1). While Microsoft and Amazon EC2 confirmed that the IP addresses at issue belonged to their subscribers, the ISPs would not disclose the Defendants' identities without a subpoena. (DE 3-1).

Through its current motion, Plaintiff seeks to serve a Rule 45 subpoena on the ISPs that issued the identified IP addresses to uncover the identities of the account holders, including their names, addresses, telephone numbers, and email addresses. TJCIS states that any information disclosed in response to a subpoena will be used only for the purpose of protecting its rights as set forth in the Complaint.

## II.

Federal Rule of Civil Procedure 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. Fed. R. Civ. P. 26(d). However, Rule 26(d) vests district courts with the discretion to order expedited discovery. "The party seeking the expedited discovery bears the burden of showing good cause for this departure from the usual discovery process." *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-cv-255-KKC, 2010 WL 4102907, at *2 (E.D. Ky. Oct. 18, 2010); *see also Ky. CVS Pharmacy v. McKinney*, No. 5:13-cv-25-KSF, 2013 WL 1644903, at *1 (E.D. Ky. Apr. 16, 2013). In determining whether good causes exists, courts consider several factors including the danger that the ISP will not preserve the information sought, the conclusion that expedited discovery would

substantially contribute to moving the case forward, and the narrow scope of the information sought. *See Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012).

Here, the Court finds that TJCIS has demonstrated the requisite good cause for permitting expedited discovery. TJCIS has sufficiently identified the unknown Defendants by providing the IP addresses used by them as well as the date of the request at issue. (DE 1-2). Significantly, Plaintiff has described and provided evidence of its efforts to identity the unknown Defendants by contacting the ISPs who issued the identified IP addresses. *See TCYK, LLC v. Does 1*-17, No. 2:13-cv-535, 2013 WL 2665025, at *2 (S.D. Ohio June 12, 2013) (mentioning the import of the plaintiff's efforts to locate and identify the unknown defendants in deciding whether to permit expedited discovery). Further, Plaintiff has shown that there is a danger that the ISPs will not preserve the relevant activity logs of the unknown Defendants and such information will be lost. *See Virgin Records Am., Inc. v. Does 1-33,* No. 3:07-cv-235, 2007 U.S. Dist. LEXIS 52106, at *3 (E.D. Tenn. July 18, 2007) (noting that the plaintiff showed that "ISPs typically retain user activity logs only for a short period of time—from a few days to a few months—before erasing the data"). TJCIS has demonstrated, moreover, that the information it seeks is likely to lead to information that will allow it to perfect service on the unknown Defendants. Finally, Plaintiff's expedited discovery request is narrowly tailored, and there is no suggestion that the unknown Defendants would be prejudiced by allowing such limited expedited discovery. *See Malibu Media, LLC v. John Does 1-23,* No. 12-cv-00836-MSK-KMT, 2012 WL 1144822, at *2 (D. Colo. Apr. 4, 2012) (permitting limited expedited discovery to determine the identities of the unknown defendants where the defendants engaged in anonymous online behavior). Accordingly, expedited discovery is appropriate.

*** *** ***

Therefore, **IT IS ORDERED** that Plaintiff's motion for leave to take discovery prior to the Rule 26(f) conference (DE 3) is **GRANTED**. Plaintiff may serve immediate discovery on Microsoft Windows Azure Online Services, Amazon Elastic Compute Cloud, and any later-discovered internet service provider to obtain the identity of each John Doe defendant by serving a Rule 45 subpoena seeking documents including the name, address, telephone number, and email address for each defendant. Any such information disclosed may be used by Plaintiff solely for the purpose of protecting its rights as set forth in the Complaint.

Dated July 24, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY